Markson, *Assignee*, v. Ide, *Receiver*.

---

HERMAN MARKSON, *Assignee, &c.*, v. H. W. IDE, *Receiver, &c.*

PRACTICE; *Foreclosure of Note and Mortgage.* Where in an action to foreclose a note and a mortgage the only issue is between an assignee of the note and mortgage and a subsequent judgment creditor of the mortgagor, and the latter not denying the validity of the note and mortgage, challenges only the assignment and right of the plaintiff, and the mortgagee, though served with process, defaults and makes no question as to the title and rights of the plaintiff, and on the trial the plaintiff produces the note and mortgage apparently properly indorsed, and transferred, *held*, that a judgment and decree in favor of the plaintiff will not be reversed, although no affirmative testimony was introduced as to the genuineness of the signatures to the transfer of the note and mortgage. As long as the payee and the mortgagee by default admit the plaintiff's title, a judgment creditor of the mortgagor is, in the absence of some evidence of wrong, concluded thereby.

*Error from Leavenworth District Court.*

ACTION brought by *H. W. Ide* as receiver of the Kansas insurance company, against D. W. Eaves, Anna Eaves his wife, the Alliance Mutual Life assurance society of the United States, *Herman Markson* as assignee of the Leaven-

worth savings bank, and divers other defendants, to foreclose a certain note and a mortgage. Judgment for plaintiff, September 29, 1882. The defendant *Markson*, as receiver, etc., brings the case to this court. The opinion sufficiently states the facts.

*Wm. McNeill Clough*, for plaintiff in error.

*H. W. Ide*, defendant in error, for himself.

The opinion of the court was delivered by

BREWER, J.: But a single and not very difficult question is presented in this case. On July 1, 1873, D. W. Eaves and wife executed a note and a mortgage to the Alliance Mutual Life assurance society. On February 7, 1882, said assurance society indorsed and transferred such note and mortgage to the plaintiff. Thereafter, the plaintiff brought suit to foreclose said note and mortgage, making, as defendants, the mortgagor, mortgagee, and all judgment creditors of the mortgagor. Among the latter was the present plaintiff in error, who held a judgment against Eaves rendered subsequent to the execution of the note and mortgage. His answer contained, among other things, this verified defense:

"And for a fourth and further ground of defense in this behalf, said defendant avers that the said defendant, the Alliance Mutual Life assurance society of the United States, never assigned or transferred the notes and mortgages mentioned in plaintiff's petition to said plaintiff, except for the purpose of raising a certain five per cent. upon the stock pretended to be held by or for said defendant, David W. Eaves, in said Alliance Mutual Life assurance society of the United States, and that said defendant, the Alliance Mutual Life assurance society of the United States, had not any authority or right, nor had the George H. Hyde who signed as president of said company, any authority to make such transfer, or any transfer whatever of said notes and mortgages."

The payee and the mortgagee of the note and mortgage filed no answer, but defaulted, thereby admitting as to it, the transfer of the note and mortgage. Upon the trial, plaintiff

offered in evidence the note and mortgage apparently duly indorsed and transferred. The present plaintiff in error objected. The objection was overruled, papers admitted, and thereafter judgment entered in favor of the plaintiff declaring his note and mortgage a lien upon the property, and a lien prior to that of the plaintiff in error. Obviously this presents this single matter: The validity of the note and mortgage being conceded, as well as their priority over the claim of the present plaintiff in error, the only question is as to the right of the present defendant in error, plaintiff below, to maintain this action. But the mortgagee, being sued upon a petition claiming title to the mortgage in the plaintiff, defaulted, and thereby admitted that it had no further claim to the note and mortgage, but that as between it and the plaintiff, the latter had full title to both. On the trial, the plaintiff produced the note and mortgage, the same apparently indorsed and transferred. Who then can raise any question? Possession of negotiable paper and of its security implies ownership. That possession is shown in the plaintiff. The payee and the mortgagee of the note and mortgage, by their default, admit such ownership. Can a judgment creditor of the mortgagor, making no question of the validity of the note and mortgage, impugn the title of the plaintiff? We think not. All that he is interested in is to see that no unauthorized person collects the note and mortgage. And if the plaintiff produces the papers, and the payee and the mortgagee concede title in the plaintiff, and no adverse title or interest is shown, that is enough.

That being the single question presented in this case, and the ruling of the district court being unquestionably correct, its judgment is affirmed.

All the Justices concurring.